RAYMOND C. FISHER, Circuit Judge,
concurring:
I concur in the result and in the majority’s analysis but write separately to surface two concerns. One is that I hope our decision will not be understood by district courts as a signal that they should continue to use open-ended, unqualified language when imposing supervised release conditions requiring defendants to take prescribed medication. Under our case law, such conditions should either be supported by the findings required under United States v. Williams, 356 F.3d 1045 (9th Cir.2004), or be limited explicitly to medications that do not implicate significant liberty interests. Probation officers and government attorneys should bear this in mind when they propose conditions to district courts. And district courts should revise the standard language they use when imposing such conditions. The language used here — “which may include taking prescribed medication” — is facially overbroad, and could be revised to read, for example, “which may include taking prescribed medication, so long as the medication does not implicate substantial liberty interests.” Of course, the more specificity the court can provide, the better.
Second, as the majority says, Blatchford must have the ability to challenge any specific medications prescribed during his period of supervised release. If Blatch-ford participates in a mental health program that includes a prescribed medication that Blatchford in good faith believes implicates his liberty interests, Blatchford should be able to refuse to take the medication — without risking a supervised release violation, being taken into custody or suffering other adverse consequences — until the issue is resolved by the district court.
An exchange during oral argument illustrates this concern. At argument, the court asked what would happen if Blatch-ford were prescribed disulfiram, a drug to treat alcoholism sold under the brand name Antabuse. According to the National Institutes of Health’s website, using alcohol while on disulfiram may cause “flushing of the face, headache, nausea, vomiting, chest pain, weakness, blurred vision, mental confusion, sweating, choking, breathing difficulty, and anxiety.” Disulfiram: Med-linePlus Drug Information, U.S. National Library of Medicine, National Institutes of Health, http://www.nlm.ni h.gov/medline-plus/druginfo/meds/a682602.html (last visited Oct. 17, 2012). Side effects may in- *238 elude headaches, drowsiness, tiredness and impotence. See id. These effects may not be as profound as those associated with antipsychotic drugs, but, in light of the unsettled nature of our case law, I assume Blatchford could have a good faith belief that being compelled to take Antabuse would implicate his significant liberty interests. Blatchford thus should be permitted to refuse the medication, without suffering adverse legal consequences, until the district court either rules that the medication does not implicate his liberty interests or makes the findings required by Williams.